Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

FILED
IN CLERKS OFFICE

## NOCV2003-01621   2003 DEC 10  A 11: 03
### Pillow v Sonepar Distribution New England Inc et al

DISTRICT COURT
DISTRICT OF MASS.

| File Date | 08/29/2003 | Status | Disposed: transferred to other court (dtrans) |
|---|---|---|---|
| Status Date | 12/05/2003 | Session | B - Civil B |
| Origin | 1 | Case Type | B22 - Employment Discrimination |
| Lead Case | | Track | F |

| Service | 11/27/2003 | Answer | 01/26/2004 | Rule12/19/20 | 01/26/2004 |
|---|---|---|---|---|---|
| Rule 15 | 01/26/2004 | Discovery | 06/24/2004 | Rule 56 | 07/24/2004 |
| Final PTC | 08/23/2004 | Disposition | 10/22/2004 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Robert A Pillow
Active 08/29/2003

**Private Counsel 634218**
Daniel S O'Connor
Shaevel & Krems
141 Tremont Street
Boston, MA 02111
Phone: 617-556-0244
Fax: 617-556-0284
Active 08/29/2003 Notify

**Defendant**
Sonepar Distribution New England Inc
Served: 11/26/2003
Served (answr pending) 11/26/2003

**Private Counsel 547944**
Jennifer Catlin Tucker
Sullivan Weinstein & McQuay
2 Park Plaza
Suite 610
Boston, MA 02116
Phone: 617-348-4300
Fax: 617-348-4343
Active 12/02/2003 Notify

**Defendant**
Carl Brand
Served: 11/24/2003
Served (answr pending) 11/24/2003

*** See Attorney Information Above ***

**Defendant**
Mark Peterson
Served: 11/24/2003
Served (answr pending) 11/24/2003

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/29/2003 | 1.0 | Complaint entry fee $275  plff jury claim |
| 08/29/2003 | | Origin 1, Type B22, Track F. |

MAS-20030912
kramercy
Case 1:03-cv-12419-RBC   Document 5   Filed 12/10/2003   Page 2 of 15
12/05/2003
09:06 AM

Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

# NOCV2003-01621
## Pillow v Sonepar Distribution New England Inc et al

| Date | Paper | Text |
|---|---|---|
| 08/29/2003 | 2.0 | Civil action cover sheet filed |
| 08/29/2003 | | fast track notice sent to plff attorney |
| 09/05/2003 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 11/26/2003 | 3.0 | SERVICE RETURNED: Carl Brand(Defendant), L&U on 11/24/03 |
| 11/26/2003 | 4.0 | SERVICE RETURNED: Mark Peterson(Defendant), in hand on 11/24/03 |
| 11/28/2003 | 5.0 | SERVICE RETURNED: Sonepar Distribution New England Inc(Defendant) in hand to Janet Cormier, clerk & Agent person inchg.  s/o 11/26/03) |
| 12/02/2003 | | Pleading, Notice of Removal, returned to Jennifer Catlin Tucker, Esq.: This document must have the docket number from US District Court stamped on it |
| 12/05/2003 | 6.0 | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

A TRUE COPY
Attest: [signature]
Deputy Assistant Clerk
12/5/03

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.  SUPERIOR COURT DEPARTMENT
Docket No.:

03 01621

| Robert A. Pillow,<br>    Plaintiff<br><br>v.<br><br>Sonepar Distribution New England, Inc.<br><br>And<br><br>Carl Brand, in his individual capacity,<br><br>And<br><br>Mark Peterson, in his individual capacity,<br>    Defendants |
|---|

**Complaint**

## I. Preliminary Statement

1. This is an action for damages and injunctive relief arising out of the termination of Robert A. Pillow

2. This complaint contains the following claims: Count I – G.L. c. 151B – Age Discrimination; Count II – G.L. c. 151B – aiding and abetting by Peterson; Count III – Tortious interference with contractual relations by Peterson personally; Count IV - G.L. c. 151B – aiding and abetting by Brand; Count V – Tortious interference with contractual relations by Brand personally; Count VI – ADEA – Age Discrimination; and Count VII – Reliance.

## II. Jurisdiction and Venue

3. This court has jurisdiction of the counts alleging unlawful discrimination under G.L. c. 151B in accordance with G.L. Chapter 151B, § 9.

4. The plaintiff timely filed a complaint at the Massachusetts Commission Against Discrimination and Equal Employment Opportunity Commission and more than 90 days have elapsed since the filing.

1

5. This court has jurisdiction of the counts sounding in tort pursuant to G.L. c. 212, § 4.

6. The action complained of herein occurred in Norfolk County and venue is properly laid in Norfolk County.

### III. Parties

7. The plaintiff, Robert A. Pillow, resides at 204 Birch Bark Drive, Hanson, MA 02341.

8. The defendant, Sonepar Distribution New England, Inc. (formerly known as Sonepar Distribution US, Inc.) is a foreign corporation operating within Massachusetts. (hereafter referred to as Sonepar).

9. Eagle Electric Supply Co is a division of Sonepar.

10. Eagle Electric Supply Co is located at 135 Will Drive, Canton MA 02021 in Norfolk County.

11. Sonepar, at the relevant time, had 20 or more employees

12. The defendant, Mark Peterson was, at the relevant time, the President of Sonepar.

13. The defendant Carl Brand was, at the relevant time, the Vice President of Sales of Sonepar.

### Count I – G.L. c. 151B – Age Discrimination

14. Pillow was born on September 14, 1940.

15. Pillow worked for Eagle Electric Supply Co. ("Eagle Electric") from 1966 until 1978.

16. Pillow returned to work for Eagle Electric in 1985 and I worked there continuously from that time until his termination on September 8, 2000.

17. Eagle Electric was bought by Sonepar Distribution US, Inc., in or about September of 1999.

18. Pillow worked as a salesman for Eagle Electric/Sonepar.

19. Pillow was a very effective salesman.

2

20. In his last full year at Eagle Electric/Sonepar Pillow's accounts increased approximately 18% in gross sales over the prior year.

21. Pillow was never reprimanded or disciplined while working at Eagle Electric/Sonepar.

22. The only reason given to Pillow for his termination was that he did not have sufficient technical knowledge to service the Original Equipment Manufacturing (OEM) customers.

23. Pillow had as much, or more, technical knowledge than the other salesmen and, in particular, Pillow had more technical knowledge regarding OEM products than the younger employees who were retained when he was fired.

24. Sonepar terminated Pillow on account of his age.

25. As a result thereof, Pillow suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

### Count II – G.L. c. 151B – Peterson aided and abetted Sonepar in its unlawful conduct

26. The allegations of Count I paragraphs one through twenty-five are incorporated herein by reference.

27. Mark Peterson at one point asked Pillow when he would retire.

28. Peterson aided and abetted Sonepar in its unlawful conduct.

29. Peterson's conduct was outrageous and grounds for condemnation and deterrence.

30. As a result of Peterson's conduct, Pillow suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

### Count III – Tortious interference with contractual relations by Peterson personally

31. The allegations of paragraphs one through thirty are incorporated herein by reference.

32. Pillow had an at will employment contract with Eagle Electric/Sonepar.

3

33. Peterson interfered with that contract by terminating Pillow for unjustified reasons.

34. As a direct and proximate result of Peterson's interference, Pillow suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

### Count IV – G.L. c. 151B – Brand aided and abetted Sonepar in its unlawful conduct

35. The allegations of paragraphs one through thirty-five are incorporated herein by reference.

36. Peterson hired Brand as Vice President of Sales and Brand officially started as V.P. of Sales for Eagle Electric on July 30, 2000.

37. There was minimal interaction between Brand and Pillow for the five weeks that they worked together.

38. In terms of personal contact, there was only a single 10-15 minute one-on-one meeting between Brand and Pillow before Pillow's discharge on September 8, 2000.

39. Brand never went on a sales call with Pillow.

40. Sometime in August 2000, Peterson and Brand met with Carl Svendsen, the Vice President of Engineering, and asked him to assess the account manager's technical skills.

41. Svendsen responded to the request in that meeting and gave his perception of the technical skills of the account managers.

42. Svendsen made the assessment without speaking to any of the sales engineers; without speaking to any of the customers of the company; without speaking to the account managers themselves and without reviewing any documentation.

43. Svendsen gave his opinion on the technical skills of the account managers after considering the question for 10-15 minutes.

44. Brand allegedly spoke with John McWeeney about the technical skills of the account managers.

4

45. At the time, McWeeney did not work for Sonepar.

46. Brand based his decision to recommend the dismissal of Pillow on the conversations with Svendsen and McWeeney.

47. Brand performed a sham investigation into Pillow to create a pretext for the termination.

48. Brand aided and abetted Sonepar in its unlawful conduct.

49. Brand's conduct was outrageous and grounds for condemnation and deterrence.

50. As a result of Peterson's conduct, Pillow suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

### Count V – Tortious interference with contractual relations by Brand personally

51. The allegations of paragraphs one through fifty-one are incorporated herein by reference.

52. Pillow had an at will employment contract with Sonepar.

53. Brand interfered with that contract by performing a sham investigation into Pillow and recommending that Pillow be terminated based upon the results of the investigation.

54. As a direct and proximate result of Brand's interference, Pillow suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

### Count VI – ADEA – Age Discrimination

55. The allegations of paragraphs one through fifty-five are incorporated herein by reference.

56. Sonepar terminated Pillow because of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. Sections 621 et seq.

57. The discriminatory conduct was willful.

58. As a result thereof, Pillow suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

### Count VII – Reliance

59. The allegations of paragraphs one through fifty-eight are incorporated herein by reference.

60. In November or 1999, Peterson told Pillow to lease a car in his name.

61. When Mr. Pillow expressed concern about taking responsibility for the lease, Peterson said to him, "don't worry about it, you're not going anywhere," and he convinced Pillow to lease the car.

62. Pillow leased a car and was obliged to pay lease payments in the amount of $487.00 per month for the term of the lease.

63. When making the decision to lease the car, Mr. Pillow relied to his detriment upon the representation of Sonepar that he (Mr. Pillow) would remain with the company and the company would pay the lease.

64. Pillow has a claim for detrimental reliance against Sonepar.

**WHEREFORE**, the plaintiff demands judgment of the defendant for damages, costs and interest.

Specifically, Pillow demands that:

A. He is reinstated to his former position.

B. He is awarded back pay, front pay, damages for reduction in pension, and other compensatory damages with interest thereon.

C. He is awarded emotional distress damages.

D. He is awarded punitive damages.

E. He is awarded attorneys fees.

F. Sonepar reimburse Pillow for the car lease payments he assumed after relying on Peterson's representations that Pillow would remain with Sonepar.

G. The plaintiff requests that the court grant such other relief as appears just and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.

Respectfully submitted,
Robert A. Pillow,
By his attorneys,

_____
Daniel S. O'Connor
BBO # 634218

_____
William H. Shaevel
BBO # 452840
Shaevel & Krems
141 Tremont Street
Boston, MA 02111
(617) 556-0244

Dated: August 27, 2003

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
12/5/03

7

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03 01621 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) Robert A. Pillow | DEFENDANT(S) Sonepar Distribution New England, Inc. Carl Brand Mark Peterson |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE William H. Shaevel and Daniel S. O'Connor Shaevel & Krems 141 Tremont St., Boston, MA 02111 Board of Bar Overseers number: 452840 and 634218 | ATTORNEY (if known) James Bucci Spector, Gadon & Rosen, P.C. Seven Penn Center Philadelphia, PA 19103 |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. ___ (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $
2. Total Doctor expenses .................................................... $
3. Total chiropractic expenses ............................................. $
4. Total physical therapy expenses ......................................... $
5. Total other expenses (describe) ......................................... $
   Subtotal $
B. Documented lost wages and compensation to date ........................... $ 168,558
C. Documented property damages to date ...................................... $
D. Reasonably anticipated future medical and hospital expenses .............. $
E. Reasonably anticipated lost wages ........................................ $ 60,000
F. Other documented items of damages (describe)
   Damages on reliance count from payment of car lease    $ 11,928
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Emotional distress                                     100,000
                                                          $
                                              TOTAL $ 340,468

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
12/5/03

TOTAL $. ........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 8/28/0

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

3.1

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
(EQUITABLE RELIEF)(OTHER.))

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 03-01621

A TRUE COPY
Attest: [signature]
Deputy Assistant Clerk
12/5/03

Robert A. Pillow ........................, *Plaintiff(s)*

v.

Sonepar Distribution New England, Inc. and
Carl Brand, in his individual capacity, and
Mark Peterson, in his ..................., *Defendant(s)*
                  individual capacity

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

11/26/03

### SUMMONS

To the above-named Defendant: Carl Brand, 2 Arbella Road, Bedford, MA 01730

You are hereby summoned and required to serve upon ...Daniel S. O'Connor...,
plaintiff's attorney, whose address is Shaevel & Krems, 141 Tremont Street, Boston, MA 02111 ..., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ...Boston... the ...twenty first... day of ...November..., in the year of our Lord two thousand and ...three...

[signature] Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:- TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

4.1

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                    SUPERIOR COURT
                                                                CIVIL ACTION

                                                                NO. 03-01621

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
12/5/03

Robert A. Pillow ............................., *Plaintiff(s)*

v.

Sonepar Distribution New England, Inc. and
Carl Brand, in his individual capacity, and
Mark Peterson, in his individual capacity ............., *Defendant(s)*

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
11/26/03

## SUMMONS

To the above-named Defendant: Mark Peterson, 24 Tallard Road, Westford, MA 01886

You are hereby summoned and required to serve upon Daniel S. O'Connor, plaintiff's attorney, whose address is Shaevel & Krems, 141 Tremont Street, Boston, MA 02111, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at Boston the twenty first day of November, in the year of our Lord two thousand and three

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
**EQUITABLE RELIEF** - **OTHER**)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

11/20/03
RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY

SUPERIOR COURT
CIVIL ACTION

NO. 03-01621

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
12/5/03

Robert A. Pillow
........................................, *Plaintiff(s)*

v.

Sonepar Distribution New England, Inc, and
Carl Brand, in his individual capacity, and
Mark Peterson, in his..............., *Defendant(s)*
individual capacity

### SUMMONS

To the above-named Defendant: Sonepar Distribution New England, Inc.
135 Will Drive, Canton, MA 02021

You are hereby summoned and required to serve upon Daniel S. O'Connor,
plaintiff's attorney, whose address is Shaevel & Krems, 141 Tremont Street, Boston, MA 02111, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at Boston the twenty first day of November, in the year of our Lord two thousand and three

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|
| PLAINTIFF(S) Robert A. Pillow | | DEFENDANT(S) Sonepar Distribution New England, Inc. Carl Brand Mark Peterson |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE William H. Shaevel and Daniel S. O'Connor Shaevel & Krems 141 Tremont St., Boston, MA 02111 Board of Bar Overseers number: 452840 and 634218 | | ATTORNEY (if known) James Bucci Spector, Gadon & Rosen, P.C. Seven Penn Center Philadelphia, PA 19103 |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) X).
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination ( F ) | ( X ) Yes ( ) No | |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses ............................................ $ ..........
2. Total Doctor expenses ............................................. $ ..........
3. Total chiropractic expenses ........................................ $ ..........
4. Total physical therapy expenses .................................... $ ..........
5. Total other expenses (describe) .................................... $ ..........
                                                            Subtotal $ ..........

Documented lost wages and compensation to date ........................ $ 168,558
Documented property damages to date .................................. $ ..........
Reasonably anticipated future medical and hospital expenses ........... $ ..........
Reasonably anticipated lost wages .................................... $ ..........
Other documented items of damages (describe) ......................... $ 60,000
    Damages on reliance count from payment of car lease            $ 11,928
Brief description of plaintiff's injury, including nature and extent of injury (describe)

    Emotional distress                                              00,000
                                                              $
                                                       TOTAL $ 40,468

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):




                                                              TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE 8/28/03

# Commonwealth of Massachusetts
## County of Norfolk
## The Superior Court

CIVIL DOCKET # NOCV2003-1621

RE: Pillow v Sonepar Distribution New England Inc et al

TO: Daniel S O'Connor, Esquire
Shaevel & Krems
141 Tremont Street
Boston, MA 02111

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as pe Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 11/27/2003 |
| Response to the complaint filed (also see MRCP 12) | 01/26/2004 |
| All motions under MRCP 12, 19, and 20 filed | 01/26/2004 |
| All motions under MRCP 15 filed | 01/26/2004 |
| All discovery requests and depositions completed | 06/24/2004 |
| All motions under MRCP 56 filed and heard | 07/24/2004 |
| Final pre-trial conference held and/or firm trial date set | 08/23/2004 |
| Case disposed | 10/22/2004 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session B sitting in CtRm 3 Norfolk Superior Court.

Dated: 09/03/2003

BY:

Walter F. Timilty,
Clerk of Courts

Location: CtRm 3
Telephone: (781) 326-1600

Assistant Clerk

Check website as to status of case: http://ma-trialcourts.org/tclc