UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT PILLOW<br><br>Plaintiff,<br><br>vs.<br><br>SONEPAR DISTRIBUTION NEW ENGLAND, INC., CARL BRAND, and MARK PETERSON<br><br>Defendants. | Civil Action No. 03-12419-NG |

## MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Sonepar Distribution New England, Inc. ("Sonepar"), Carl Brand ("Brand"), and Mark Peterson ("Peterson") move to dismiss Counts II, III, IV, V, and VII of the Complaint ("Complaint") for failure to state a claim. This motion is based on (1) the facts alleged in plaintiff's Complaint, on which defendants rely solely for purposes of this motion, and (2) the Charge that plaintiff filed with the Massachusetts Commission Against Discrimination (MCAD), which is attached to this Motion as Exhibit A.[1] As set forth more fully in the accompanying memorandum of law, Counts II, III, IV, V, and VII are deficient and should be dismissed for the following reasons:

1.  M.G.L. c. 151B precludes plaintiff from maintaining a claim against defendant Brand for aiding and abetting an alleged violation of M.G.L. c. 151B (Count

---

[1] The Court may consider the MCAD charge on a motion to dismiss because the charge is a public record that is referred to in plaintiff's complaint. *See, e.g., Perch v. City of Quincy*, 204 F. Supp. 2d 130, 131 n.1 (D. Mass. 2002), *citing Edwin v. Blenwood* Assocs., 9 F. Supp. 2d 70, 72 (D. Mass. 1998); *Chatman v. Gentle Dental Center of Waltham*, 973 F. Supp. 228, 231 n. 6 (D. Mass. 1997).

because plaintiff did not name Brand in the charge he filed with the MCAD, as is required to maintain such a claim.

2. Plaintiff has failed to state claims against Brand or Peterson for aiding and abetting an alleged violation of M.G.L. c. 151B (Counts II and IV) because plaintiff has not alleged that Brand or Peterson had any intent to discriminate against the plaintiff, knowingly participated in any joint enterprise to discriminate against him, or committed any separate act to further any such enterprise.

3. Plaintiff has failed to state claims against Brand or Peterson for aiding and abetting an alleged violation of M.G.L. c. 151B (Counts II and IV) for the further reason that the only acts that Brand or Peterson are alleged to have committed are routine employment decisions they made as part of their jobs.

4. Plaintiff cannot maintain his claim against Brand for tortious interference with his employment contract (Count V) because the claim is merely a recast version of plaintiff's Chapter 151B claim against Brand, and plaintiff failed to pursue his administrative remedies against Brand in the MCAD. Plaintiff is not permitted to circumvent the procedural prerequisites for bringing a discrimination claim by asserting the same claim under a theory of tortious interference.

5. Plaintiff has failed to state claims against either Brand or Peterson for tortious interference (Counts III and V) because he has not alleged essential elements of the claim, including actual malice and acts that induced the termination of his employment.

6. The tortious interference claims against Brand and Peterson (Counts III and V) should be dismissed to the extent that they purport to seek recovery for emotional

distress and mental suffering. Recovery of these elements is precluded by the exclusivity provision of the Massachusetts Workers' Compensation Act because plaintiff's tortious interference claims, and these claimed damages, are based solely on the fact that plaintiff was terminated, an event that arose out of his employment.

7. Plaintiff has failed to state a claim against Sonepar for "Reliance" (Count VII) because he has failed to allege essential elements of such a claim, including any promise that was sufficiently definite and certain in its terms to permit the conclusion that it was intended as a firm and binding commitment, and reasonable reliance on any such alleged promise.

8. Plaintiff's claim for "Reliance" (Count VII) should be dismissed for the further reason that it is barred by the exclusivity provision of Chapter 151B, inasmuch as it is a contractual claim based on the same claim of an allegedly discriminatory termination of his employment.

WHEREFORE, defendants respectfully request that the Court dismiss Counts II, III, IV, V, and VII of the Complaint.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D) defendants state that oral argument may assist the Court in resolving this Motion, and therefore request oral argument.

SONEPAR DISTRIBUTION NEW ENGLAND, INC., CARL BRAND and MARK PETERSON
By their attorney,

_____
Jennifer Catlin Tucker BBO #547944
Sullivan Weinstein & McQuay, P.C.
Two Park Plaza, Suite 610
Boston, MA 02116-3902
617-348-4300

James Bucci
Spector, Gadon & Rosen, P.C.
Seven Penn Center, 1635 Market Street
Philadelphia, PA 19103
(215) 241-8888

Dated:   January 13, 2004

### Certificate of Service

I, Jennifer Catlin Tucker, hereby certify that a copy of the foregoing document was served by mailing same, postage prepaid, first-class mail to Daniel S. O'Connor, Esq., Shaevel & Krems, 141 Tremont Street, Boston, MA 02111 on January 13, 2004.

_____
Jennifer Catlin Tucker

4