UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT PILLOW<br><br>Plaintiff,<br><br>vs.<br><br>SONEPAR DISTRIBUTION NEW ENGLAND, INC., CARL BRAND, and MARK PETERSON<br><br>Defendants. | Civil Action No. 03-12419-NG |

### ANSWER OF DEFENDANTS SONEPAR DISTRIBUTION NEW ENGLAND, INC., CARL BRAND AND MARK PETERSON TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Sonepar Distribution New England, Inc. ("Sonepar"), Carl Brand and Mark Peterson, by and through their undersigned counsel, aver as follows for their Answer to the allegations contained in the Complaint:

**I.   Preliminary Statement**

1.-2.   Admitted in part; denied in part.  Defendants admit only that Plaintiff has initiated this action in which he purports to assert claims against Defendants.  Defendants deny the remaining averments, and they specifically deny any liability whatsoever to Plaintiff.

**II.   Jurisdiction and Venue**

3.   Admitted.  Defendants admit the averments.

4-7.   Denied.  Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

**III.   Parties**

8.   Denied.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore deemed denied.

9.   Admitted in part; denied in part. Defendants deny the averments as stated, but admit that Sonepar is a Delaware corporation, conducts business within the Commonwealth and maintains offices at 135 Will Drive, Canton, Massachusetts.

10-11.  Admitted in part; denied in part.  Defendants admit only that Eagle Electric Supply Company is a subsidiary of Sonepar, and that they maintain offices at 135 Will Drive, Canton, Massachusetts.  Defendants deny the remaining averments.

12.   Denied.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments, particularly the time period that Plaintiff refers to as relevant.  The averments are therefore deemed denied.

13-14.  Admitted in part; denied in part.  Defendants admit only that Mark Peterson held the position of President of Eagle Electric for a period of time, and that Carl Brand held the position of Vice President of Sales for Eagle Electric for a period of time. Defendants deny the remaining averments, and deny knowledge or information sufficient to form a belief as to the truth of the averments concerning the time period that Plaintiff refers to as relevant.

## Count I – G.L. c, 151B

### Plaintiff v. Sonepar

15. Admitted. Defendants admit the averments.

16. Admitted in part; denied in part. Defendants admit that Plaintiff worked for Eagle Electric for a period of time, but deny knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are therefore deemed denied.

17. Admitted in part; denied in part. Defendants admit that Plaintiff worked for Eagle Electric for a period of time, and that his employment terminated on or about September 8, 2000. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining averments, which are therefore deemed denied.

18. Admitted in part; denied in part. Defendants deny the averments as stated, but admit that Sonepar acquired Eagle Electric in 1998.

19. Admitted in part; denied in part. Defendants deny the averments as stated, but admit that Plaintiff worked in outside sales for Sonepar.

20. Denied. Defendants deny the averments.

21. Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore deemed denied.

22. Denied. Defendants deny the averments.

23. Denied. Defendants deny the averments.

24. Denied. Defendants deny the averments.

25. Denied. Defendants deny the averments.

26. Denied. Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

## Count II – G.L. c, 151B

### Plaintiff v. Mark Peterson

27. Defendants restate and reaver their responses to the preceding averments as if the same were fully set forth herein.

28. Denied. Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny knowledge or information sufficient to form a belief as to their truth.

29. Denied. Defendants deny the averments.

30. Denied. Defendants deny the averments.

31-32. Denied. Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

33. Denied. Defendants deny the averments.

34. Denied. Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

## Count III – Tortious Interference with Advantageous/Contractual Relations

### Plaintiff v. Mark Peterson

35. Defendants restate and reaver their responses to the preceding averments

as if the same were fully set forth herein.

    36.    Admitted in part; denied in part. Defendants deny the averments as stated, but admit that Plaintiff was an at-will employee.

    37.    Denied. Defendants deny the averments.

    38.    Denied. Defendants deny the averments.

    39.    Denied. Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

## Count IV – G.L. c, 151B

## Plaintiff v. Carl Brand

    40.    Defendants restate and reaver their responses to the preceding averments as if the same were fully set forth herein.

    41.    Admitted in part; denied in part. Defendants deny the averments as stated, but admit that Mark Peterson hired Carl Brand to become the Vice President of Sales for Eagle Electric, and that Mr. Brand began in the position in July 2000, with an official start date of July 30, 2000.

    42.    Denied. Defendants deny the averments.

    43.    Denied. Defendants deny the averments.

    44.    Denied. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore deemed denied.

    45.    Denied. Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute

statements of fact, deny knowledge or information sufficient to form a belief as to their truth.

    46.    Admitted in part; denied in part. Defendants deny the averments as stated, but admit that in or about August 2000, Carl Svendsen, Vice President of Engineering, met with Mark Peterson and Carl Brand concerning the technical abilities of the outside sales force.

    47.    Admitted. Defendants admit the averments.

    48.    Admitted in part; denied in part. Defendants deny the averments as stated, but admit that during the meeting with Messrs. Peterson and Brand, Carl Svendsen provided his assessment of the technical qualifications of the outside sales force, and did so during the meeting without any outside consultation.

    49.    Admitted. Defendants admit the averments.

    50.    Admitted. Defendants admit the averments.

    51.    Admitted. Defendants admit the averments.

    52.    Admitted. Defendants admit the averments.

    53.    Denied. Defendants deny the averments.

    54.    Denied. Defendants deny the averments.

    55-56.    Denied. Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

    57.    Denied. Defendants deny the averments.

    58.    Admitted in part and denied in part. Defendants admit only that in connection with the MCAD charge filed by Plaintiff and the corresponding

investigation/proceeding, Mr. Brand was not named in the charge, and he was deposed and attended Plaintiff's deposition. Defendants deny the remaining averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

59. Denied. Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

## Count V – Tortious Interference with Contractual Relations

### Plaintiff v. Carl Brand

60. Defendants restate and reaver their responses to the preceding averments as if the same were fully set forth herein.

61. Admitted in part; denied in part. Defendants deny the averments as stated, but admit that Plaintiff was an at-will employee.

62. Denied. Defendants deny the averments.

63. Denied. Defendants deny the averments.

64. Denied. Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

## Count VI – ADEA

### Plaintiff v. Sonepar

65. Defendants restate and reaver their responses to the preceding averments as if the same were fully set forth herein.

66. Denied. Defendants deny the averments.

67. Denied.  Defendants deny the averments.

68. Denied.  Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

## Count VII – Misrepresentation/Reliance

## Plaintiff v. Sonepar

69. Defendants restate and reaver their responses to the preceding averments as if the same were fully set forth herein.

70. Denied.  Defendants deny the averments.

71. Denied.  Defendants deny the averments.

72. Denied.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments, which are therefore deemed denied.

73. Denied.  Defendants deny the averments.

74. Denied.  Defendants deny the averments.

75. Denied.  Defendants deny the averments as conclusions of law to which no responsive pleading is required, and to the extent that these averments constitute statements of fact, deny the same.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint as a whole and each Count fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

At all material times, any action taken by Defendants with respect to the terms, conditions or privileges of Plaintiff's employment was taken in good faith, in a reasonable manner and fashion, and for legitimate and lawful reasons.

**THIRD AFFIRMATIVE DEFENSE**

At all material times, any action taken by Defendants with respect to the terms, conditions or privileges of Plaintiff's employment was taken for reasons other than Plaintiff's age. Defendants did not discriminate against Plaintiff in any manner.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants did not breach or violate any duty to or right of Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants exercised reasonable care to prevent and/or correct any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided to him, or to avoid harm otherwise.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or procedural prerequisites to suit, including without limitation, by not naming Carl Brand in the administrative charge of discrimination.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, payment, release, and/or discharge, or by the doctrine of unclean hands and Plaintiff's own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the exclusivity of the Massachusetts Anti-discrimination statute, M.G.L. c. 151B, and/or the Massachusetts' Workers' Compensation Act, M.G.L. c. 152

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's status as an at-will employee.

### TENTH AFFIRMATIVE DEFENSE

Mark Peterson and Carl Brand are not proper defendants to Plaintiff's statutory or common law claims, and there can be no individual liability against either of them for the alleged actions asserted in the Amended Complaint, or otherwise.

### ELEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint as a whole and each cause of action fail to state a claim for reinstatement, compensatory damages, punitive damages, attorney's fees and costs, nor is Plaintiff entitled to this relief in whole or in part under the facts of this case and/or governing law.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by his own acts, omissions or conduct, or by the acts, omissions or conduct of parties other than Defendants, about which Defendants had no prior knowledge and for which they are not legally responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Sonepar is not liable for any averred actions or omissions on the part of its employees insofar as such employees were not acting within the scope of employment

and/or their actions were contrary to Defendant's good-faith efforts to comply with the anti-discrimination and other laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to mitigate his damages, if any.

        Respectfully submitted,

        SONEPAR DISTRIBUTION NEW ENGLAND, INC.,
        CARL BRAND, and MARK PETERSON

        By their attorneys,


        _____
        Jennifer Catlin Tucker, BBO#547944
        A. Lauren Carpenter, BBO #551258
        Sullivan Weinstein & McQuay, PC
        Two Park Plaza
        Boston, MA 02116
        (617) 348-4300

            -and-

        James Bucci, Esq.
        Spector, Gadon & Rosen, P.C.
        Seven Penn Center
        1636 Market Street, 7th floor
        Philadelphia, PA 19103


Dated: June 14, 2004

### Certificate of Service

I, Jennifer Catlin Tucker, hereby certify that a true copy of the above document was served by mail upon Daniel S. O'Connor, Shaevel & Krems, 141 Tremont Street, Boston, MA 02111, on June 14, 2004.

                                          _____
                                          Jennifer Catlin Tucker